UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LE VAN MINH, | No. 5:25-cv-02245-HDV-JDE |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

On August 18, 2025, the Court received from Le Van Minh ("Petitioner"), a federal detainee proceeding pro se and without paying the filing fee or seeking leave to proceed in forma pauperis ("IFP"), a two-page Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Petition" or "Pet."). Petitioner purports to challenge his "indefinite detention" by Immigration and Customs Enforcement ("ICE"). He alleges that a final order of removal was issued on January 7, 2010, "but [ICE] has been unable to remove" him. He was allegedly detained by ICE on June 8, 2025. See Pet. at 1. Petitioner contends his detention violates the standard set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), as he has

1  been detained longer than six months and Petitioner's home country "still
2  refuse[s] to accept him." Id. at 1-2.

3      A habeas petition brought under 28 U.S.C. § 2241 is subject to the same
4  screening requirements that apply to habeas petitions brought under 28 U.S.C.
5  § 2254. See Rules Governing Section 2254 Cases in the United States District
6  Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply
7  the Habeas Rules to habeas petitions that are not brought under 28 U.S.C.
8  § 2254); Lane v. Feather, 584 F. App'x 843 (9th Cir. 2014) (affirming district
9  court's application of Habeas Rule 4 in dismissing a Section 2241 petition).
10  The Court has reviewed the Petition under Habeas Rule 4 and finds the
11  Petition appears subject to dismissal.

## I.

## DISCUSSION

14      Pursuant to Rule 4 of the Habeas Rules, a district court "must promptly
15  examine" the petition and, "[i]f it plainly appears from the petition . . . that the
16  petitioner is not entitled to relief," the "judge must dismiss the petition." See
17  also Mayle v. Felix, 545 U.S. 644, 656 (2005). The Habeas Rules require a
18  statement of all grounds for relief and the facts supporting each ground, and
19  the petition should state facts that point to a real possibility of constitutional
20  error and show the relationship of the facts to the claim. See Habeas Rule 2(c);
21  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Felix, 545 U.S. at
22  655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended).
23  Allegations in a petition that are vague, conclusory, palpably incredible, or
24  unsupported by a statement of specific facts, are insufficient to warrant relief,
25  and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-
26  05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v.
27  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).
28  / / /

2

Here, the Petition falls far short of the minimal requirements to proceed and fails to state facts that point to the real possibility of constitutional error. As noted, Petitioner requests relief under <u>Zadvydas</u>. In <u>Zadvydas</u>, the Supreme Court held that the "indefinite detention" of aliens subject to final orders of removal raises "serious constitutional concerns." 533 U.S. at 682. The Supreme Court construed 8 U.S.C. § 1231(a)(6) to contain an implicit "reasonable time" limitation. <u>Id.</u> The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." <u>Id.</u> at 689. "[F]or the sake of uniform administration in the federal courts," the Court held that six months was a presumptively reasonable period of detention. <u>Id.</u> at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." <u>Id.</u>

"[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 533 U.S. at 701. If released, an alien subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The revocation of release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke an alien's release for purposes of removal. Specifically, an alien's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Upon revocation, the alien will be notified of the reasons for revocation of his release and an initial informal interview will be promptly conducted to afford the alien an opportunity to respond. 8 C.F.R. § 241.13(i)(3). "The revocation custody review will include an evaluation of

1    any contested facts relevant to the revocation and a determination whether the
2    facts as determined warrant revocation and further denial of release." Id.

3         Here, Petitioner vaguely contends that he has been held longer than six
4    months and his "country still refuse[s] to accept him" (Pet. at 2), but he
5    provides no facts in support of these contentions. As pled, he has only been in
6    custody for approximately three months, and therefore his detention at the
7    time of filing was presumptively reasonable under Zadvydas, indicating that
8    the Petition is not ripe for federal review. See, e.g., Akinwale v. Ashcroft, 287
9    F.3d 1050, 1052 (11th Cir. 2002) (per curiam) (finding the six-month
10   presumptively reasonable period "must have expired at the time [the alien's]
11   § 2241 petition was filed in order to state a claim under Zadvydas"). While
12   Petitioner otherwise alleges that the final order of removal was issued in 2010,
13   he alleges no facts regarding the intervening 15-year period, including whether
14   he was in custody during any portion of that time. Similarly, he has provided
15   no information regarding his home country, including the basis for his
16   contention that this country refuses to accept him. Petitioner's unsubstantiated
17   allegation that his home country has refused to accept him is insufficient to
18   meet his burden under Zadvydas, let alone overcome the presumption of
19   reasonableness of the six-month period. Zadvydas, 533 U.S. at 701; Pelich v.
20   INS, 329 F.3d 1057, 1059 (9th Cir. 2003) ("Zadvydas places the burden on the
21   alien to show, after a detention period of six months, that there is 'good reason
22   to believe that there is no significant likelihood of removal in the reasonably
23   foreseeable future.'" (citation omitted)). Finally, the allegations of the Petition
24   appear to reflect that Petitioner may have been taken into custody under 8
25   C.F.R. § 241.13(i), but, again, Petitioner provides no information regarding
26   those proceedings, beyond a generic assertion that he was "detained" on June
27   8, 2025. Pet. at 1. Based on the foregoing, as pled, the Petition is subject to
28   dismissal.

## II.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by no later than 30 days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

Alternatively, Petitioner may file an amended petition no later than 30 days of the date of this Order to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 9 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and all facts supporting each claim.

**Petitioner is cautioned that a failure to timely comply with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).**

This Order is subject to any ruling by the Honorable Hernán D. Vera, United States District Judge, regarding Petitioner's failure to pay the filing fee or file a fully supported request to proceed IFP.

Dated: September 10, 2025__

_____
JOHN D. EARLY
United States Magistrate Judge