JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LE VAN MINH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Respondents. | No. 5:25-cv-02245-HDV-JDE<br><br>JUDGMENT |

　　　On August 18, 2025, Le Van Minh ("Petitioner"), a federal detainee proceeding pro se, filed a two-page Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Petition" or "Pet."). Petitioner purports to challenge his "indefinite detention" by Immigration and Customs Enforcement ("ICE"). He alleges that a final order of removal was issued on January 7, 2010, "but [ICE] has been unable to remove" him. He was allegedly detained by ICE on June 8, 2025. See Pet. at 1. Petitioner contends his detention violates the standard set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), as he has been detained longer than six months and Petitioner's home country "still refuse[s] to accept him." Id. at 1-2.

The assigned magistrate judge issued an Order directing Petitioner to show cause why the Petition should not be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Dkt. 5 ("OSC"). The OSC and all documents served upon Petitioner since the filing of the Petition have been returned as undeliverable by the U.S. Mail. See Dkt. 6-9. Petitioner did not respond to the OSC within the time permitted.

On October 29, 2025, counsel for Respondents advised that Petitioner was removed from the United States on or about September 2, 2025, and is no longer in federal custody. Dkt. 12. Respondents request the Petition be dismissed as moot. Id.

The case or controversy requirement of Article III of the Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). "To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (citation and internal quotation marks omitted); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (there must be a real and substantial controversy at the time the case is decided). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Federal courts do not have the power to decide a case that does not affect the rights of a litigant in the case before it. Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (citation omitted). Unless the prevailing party can obtain effective relief, "any opinion as to the legality of the challenged action would be advisory." Id. "[A federal action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant

'any effectual relief' whatever in favor of the [party seeking relief]." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted). A habeas petition is moot where the petitioner "seeks relief [that] cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." Burnett, 432 F.3d at 1000-01 (citation omitted); see also Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir. 2010) (as amended) (habeas petition dismissed as moot where there was no legal dispute remaining for the court to decide).

By the Petition, Petitioner sought release because immigration officials have "been unable to remove Petitioner," leaving him detained "indefinitely." Pet at 1. However, Petitioner has now been removed from the United States and is no longer in Respondents' custody. As such, Petitioner's challenge to his alleged "indefinite detention" is now moot. See Nsinano v. Barr, 808 F. App'x 554, 555 (9th Cir. 2020) (quoting Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007)); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, [the petitioner] has requested only release from custody. Because he has been released, there is no further relief we can provide.").

THEREFORE, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice as moot.

Dated: 11/03/25 _____

_____
HERNÁN D. VERA
United States District Judge